[No. A016466. First Dist., Div. Five. May 2, 1984.]

BONNIE BRINK, Plaintiff and Appellant, v.
BILLIE BRINK, Defendant and Appellant.

**COUNSEL**

Patricia M. Bourke, Linda Chester and Alan F. Hunter for Plaintiff and Appellant.

Thomas J. Sheahan and Barbara Goldeen for Defendant and Appellant.

**OPINION**

**KING, J.—**■■■    In this case we hold that when the award of community property of a marital dissolution judgment is vacated in an independent proceeding in equity, the court is acting as a court of equity and is not mandated to follow the provisions of the Family Law Act in dividing the property of the parties.

The marriage of Bonnie and Billie Brink ended with a judgment of dissolution on January 20, 1977, in which the court incorporated the marital settlement agreement of the parties. The agreement provided that Billie would receive as his separate property most of the community property including the equity in the family residence. Additionally, Billie was awarded custody of the minor child of the parties and Bonnie was ordered to pay him child support of $45 a month.

On November 23, 1977, Bonnie filed an independent action in equity to vacate the prior judgment. She alleged that Billie had obtained the judgment through extrinsic fraud and mistake, having told her that she was not entitled to any of the property acquired during the marriage; she requested an equal division of the community property.[1]

---

[1]The prayer of Bonnie's complaint also requested that the order as to child custody and support be set aside, but no allegations in the complaint referred to these issues and Bonnie did not pursue them at trial or on appeal.

At the outset of trial the parties agreed to bifurcate the issues of whether to set aside the marital settlement and the value of the family residence. Following trial the court rendered a memorandum of decision denying Bonnie's request for attorneys' fees and stating that although Bonnie's evidence was "extremely weak and suspect," the action was "a suit in equity, and the Court has concluded that equity in this case requires that the plaintiff receive one half of the net value that existed in the family home and any other community property of the parties *as of the date of the original trial.*" (Italics added.) The court's memorandum of decision also stated that if the parties were unable to reach an agreement as to the amount of the net value of the house, the court would hold a later hearing to determine that amount.

In support of the limited award to Bonnie, the court made findings of fact that Billie had "refinanced the family home and made certain valuable improvements to it" in the years since the separation.

The court rendered a judgment somewhat different than its memorandum of decision; it awarded Bonnie a one-half interest in the net value of the house to be valued as of the date of the parties' separation (rather than the date of the original trial), and a one-half interest in the other community property. ■■ ■■ ■■ The court ordered each party to bear his or her own attorneys' fees.[2] Bonnie appeals; we affirm the judgment.

■■ Bonnie contends that the trial court was required to divide all assets equally and, in order to accomplish this, must also have determined the community interest in the house, by valuing it as near as practicable to the time of trial in the present action in accordance with the requirements of the Family Law Act (Civ. Code, § 4000 et seq.). She relies on Civil Code section 4800, subdivision (a), which provides that dissolution courts generally must value community assets and liabilities "as near as practicable to the time of trial . . . ." Billie responds that because Bonnie pursued an independent action in equity, Civil Code section 4800 was inapplicable and the court had the power to fashion any appropriate remedy.

---

[2]Billie claims that the judgment was interlocutory and therefore nonappealable because the judgment left undetermined the amount of Bonnie's award. The applicable rule is that a judgment is interlocutory and nonappealable if anything further in the nature of judicial action is *essential* to a final determination of the parties' rights. (*Lyon* v. *Goss* (1942) 19 Cal.2d 659, 670 [123 P.2d 11]; *Eldridge* v. *Burns* (1978) 76 Cal.App.3d 396, 404 [142 Cal.Rptr. 845]; *Taylor* v. *Taylor* (1957) 153 Cal.App.2d 144, 145 [314 P.2d 60].) Here, further proceedings to determine the amount of Bonnie's award are not essential, but will only be required if the parties are unable to reach an agreement as to valuation. Indeed, if the judgment is viewed as interlocutory and the appeal is dismissed, and the parties subsequently reach an agreement as to value so that no further judicial action will be required, Bonnie will be unable to obtain appellate review of the judgment. Viewing the judgment as interlocutory would virtually compel Bonnie to litigate the valuation issue and thus would not serve the interests of judicial economy.

The Family Law Act does not make the provisions of Civil Code section 4800 applicable to an independent action in equity to set aside a judgment of dissolution, and it seems clear that section 4800 has no such application. In Civil Code section 4351, the Family Law Act confers jurisdiction to make orders settling property rights—to which the provisions of section 4800 apply—in "proceedings under this part" (that is, in proceedings under the Family Law Act). An independent equitable action for relief from the provisions of a dissolution judgment is not a proceeding under the Family Law Act, but is a common law action of long-standing. In such actions "the nature of the relief available is not restricted to setting aside the former judgment; to the contrary, the court has power to provide *any appropriate equitable remedy* . . . ." (*In re Marriage of Adkins* (1982) 137 Cal.App.3d 68, 77 [186 Cal.Rptr. 818] (italics added); accord, *Caldwell* v. *Taylor* (1933) 218 Cal. 471, 475 [23 P.2d 758, 88 A.L.R. 1194]; 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 176, p. 3746.) The restrictions of Civil Code section 4800 are entirely inconsistent with this broad equitable power. (See generally *Marvin* v. *Marvin* (1976) 18 Cal.3d 660, 684 fn. 25 [134 Cal.Rptr. 815, 557 P.2d 106] [Family Law Act not applicable to nonmarital partners, but equitable remedies are available to protect the expectations of the parties].)[3] In fashioning an equitable remedy, the court is not precluded from considering whether the result in the equitable proceeding should be identical to what it would be if the action had been brought under the Family Law Act, but it is not required to apply it.[4]

Bonnie's choice of pursuing an independent action in equity afforded the court broad equitable powers to fashion an appropriate remedy. Had Bonnie instead made a motion in the existing dissolution action to vacate the judgment (see 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 179, p. 3749), proceedings would have continued under the Family Law Act and the court would have been bound by Civil Code section 4800. Thus, in *In re Marriage of Walters* (1979) 91 Cal.App.3d 535 [154 Cal.Rptr. 180], the court held that section 4800 required valuation of prop-

---

[3]Bonnie cites *Dandini* v. *Dandini* (1953) 120 Cal.App.2d 211, 216 [260 P.2d 1033], for the proposition that the Family Law Act is applicable where a nonfamily law court hears an action to vitiate a family law court order. But the court in *Dandini,* a pre-Family Law Act case, held nothing of the sort; it simply noted that since the family law court in a prior action had the power to award all community property to the wife, but the husband had concealed the existence of such property from that court, the court in the subsequent action had the same power to award all of that property to the wife. (*Ibid.*)

[4]Many independent actions in equity are brought to establish rights in unadjudicated property, such as a community property interest in the pension of a former spouse and, except for the possibility that equitable defenses such as laches would excuse reimbursement for payments received prior to commencement of the equitable action, the community interest, at least as to future property rights, would normally be divided equally. (See *Henn* v. *Henn* (1980) 26 Cal.3d 323 [161 Cal.Rptr. 502, 605 P.2d 10].)

erty as of time of judicial action on a *motion* to vacate the community property provisions of a dissolution judgment. Bonnie argues that the present case is indistinguishable from *In re Marriage of Walters*, but she ignores one crucial difference: in *Walters*, vacation of the judgment was sought by motion in the existing dissolution action, so that despite the equitable powers of the court in ruling on such a motion (see *In re Marriage of Adkins, supra*, 137 Cal.App.3d at p. 77), the restrictions of section 4800 in proceedings under the Family Law Act were still applicable. Bonnie sought relief by an independent action in equity, to which the Family Law Act did not apply.

In short, Civil Code section 4800 was inapplicable to the present proceeding because the action was an independent suit in equity rather than a proceeding under the Family Law Act. The court was not required to award an interest in the residence valued as near as practicable to the time of trial, but was vested with authority to fashion any appropriate equitable remedy.

■ Bonnie challenges the sufficiency of the evidence to support the court's finding that Billie had "refinanced the family home and made certain valuable improvements to it" in the years since the dissolution. There was sufficient evidence to support this finding: Billie's current wife testified that she had contributed her earnings to upkeep and improvements on the home, and both she and Billie gave testimony indicating that they had purchased central heating and air conditioning for the home.

■ Bonnie also argues that the court abused its discretion in refusing to award her attorneys' fees. She relies on the provisions of Civil Code section 4370 for recovery of attorneys' fees in proceedings under the Family Law Act. But the trial court lacked any authority to award attorneys' fees, since the action was not pursued under the Family Law Act and no other statute or contractual agreement provided for recovery of attorneys' fees. (See *Gray* v. *Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 504 [198 Cal.Rptr. 551, 674 P.2d 253]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 116, p. 3267.) Even if section 4370 were applicable, the trial court did not abuse its discretion in denying her request for attorneys' fees, since there was evidence to support the trial court's finding that the parties had substantially equal financial ability to pay their own counsel fees.[5]

---

[5]Billie has cross-appealed, contending that the grant of equitable relief was not supported by substantial evidence of extrinsic fraud or mistake. His brief states, however, that the cross-appeal is only protective, and that he "will acquiesce in the judgment if it is to be affirmed in total." Since we reject Bonnie's arguments on appeal, we need not adjudicate Billie's cross-appeal.

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.

The petition of plaintiff and appellant for a hearing by the Supreme Court was denied June 27, 1984.