[No. B033118. Second Dist., Div. Four. Oct. 12, 1988.]

NORA ZARRAHY, Plaintiff and Appellant, v.
ANTHONY ZARRAHY, Jr., Defendant and Respondent.

COUNSEL

Wilson, Wilson & Perrizo and Mark J. Perrizo for Plaintiff and Appellant.

Nichols & Nichols and Robert F. Nichols, Jr., for Defendant and Respondent.

OPINION

McCLOSKY, J.—Defendant Anthony Zarrahy, Jr., was employed by Mc-Donnell Douglas on December 13, 1954.

On May 1, 1955, defendant married plaintiff Nora Zarrahy.

On July 1, 1955, McDonnell Douglas instituted a retirement plan for hourly employees. On January 1, 1961, McDonnell Douglas instituted a savings plan for hourly employees, and on May 1, 1967, McDonnell Douglas instituted a retirement income plan for salaried employees. Defendant was eligible for and took part in each of these three plans.

On July 4, 1976, defendant was laid off from his job at McDonnell Douglas, and his participation in the three plans mentioned above was terminated. McDonnell Douglas set up an annuity for each of the two retirement plans in which defendant had been enrolled. One was valued at $3,438; the other was valued at $2,953.

On May 25, 1978, an interlocutory judgment dissolving the marriage and purporting to divide the community property of the parties was filed. That interlocutory judgment was entered the following day. Defendant's savings and retirement plans were left unmentioned in and unadjudicated by the dissolution decree.

On June 18, 1978, defendant renewed his employment at McDonnell Douglas. Defendant had never received any annuity payments from Mc-Donnell Douglas. At the time of trial in this case, there were no annuities in effect.

In May 1986, nine years after the dissolution of plaintiff's and defendant's marriage, plaintiff filed this equitable action for partition of defendant's savings and retirement plans to the extent earned during their marriage.

Despite plaintiff's urging the trial court to value the pension as of the date of the trial, thereby taking into account the nine-year appreciation in her community interest following the dissolution of her marriage to defendant, that court decided to value the pension plan as of May 25, 1978, the date of the dissolution hearing. The trial court found that the savings and retirement plans were simply missed assets and that there had been no concealment or fraud on the part of defendant.

The trial court found the community interest in the savings and retirement plans as of May 25, 1978, to be $6,645.26. The following amounts were attributed to the specific plans: $253 for the savings plan, $2,953.41 for the retirement plan for hourly employees; and $3,438.84 for the retirement plan for salaried employees. No interest was awarded.

Judgment was entered in favor of plaintiff for $3,322.63. This appeal by plaintiff followed.

■ It is a well-established rule of appellate procedure that only a party aggrieved by the judgment is entitled to be heard on appeal. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 139, p. 148.) Although the judgment from which plaintiff appeals was entered in her favor, she is nevertheless aggrieved as to, and may appeal from, that portion of the judgment unfavorable to her. This is so because she was awarded less than she would have received if the trial court had valued defendant's savings and retirement plans as of the date of trial or formulated an equitable division in accordance with *In re Marriage of Brown* (1976) 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164], as plaintiff requested. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 142, pp. 151-152.)

■ To the extent that the savings and retirement plans were acquired by defendant during his marriage to plaintiff, they were community property and subject to division upon dissolution. Because these plans were not mentioned in the decree dividing the community property of the parties, they were in fact subject to separate postdissolution litigation. Up until the time of this litigation, plaintiff and defendant therefore held this particular community asset as tenants in common. (*Casas* v. *Thompson* (1986) 42 Cal.3d 131, 139 [228 Cal.Rptr. 33, 720 P.2d 921], cert. den. 479 U.S. 1012 [93 L.Ed.2d 713, 107 S.Ct. 659]; *Henn* v. *Henn* (1980) 26 Cal.3d 323, 330 [161 Cal.Rptr. 502, 605 P.2d 10]; *In re Marriage of Graves* (1988) 198 Cal.App.3d 1047, 1050 [244 Cal.Rptr. 110].)

■ This action to partition community property left unadjudicated by the dissolution decree is an independent proceeding in equity. The trial court was, therefore, not bound by the Family Law Act and had broad

equitable power to fashion any appropriate remedy. Absent an abuse of discretion or a failure to exercise that discretion, the trial court's decision cannot be disturbed. (See *Brink* v. *Brink* (1984) 155 Cal.App.3d 218 [202 Cal.Rptr. 57].) In making its award, the trial court was permitted to consider any unjust or harsh result. (*Casas* v. *Thompson, supra,* 42 Cal.3d at p. 141.)

At the hearing, plaintiff's counsel requested the trial court to give plaintiff rights under the formula set forth in *In re Marriage of Brown, supra,* 15 Cal.3d 838. Specifically he stated: "On the pension, it is Mrs. Zarrahy's position if the Court values her community property interest in the retirement benefits as of 1978, without any consideration for rate of return on her community property portion or any other variables that may have come into account after 1978, she would prefer to have the Court formulate these retirement benefits and give her her rights under the Brown formula, which I think she is entitled to."

The trial court denied plaintiff's request for a *Brown* formulation order in the mistaken belief that it did not, as a matter of law, have the power to employ the principles set forth in *Brown*. The trial court stated: "Formally, I will deny the request I make a Brown formula order. We are in a civil partition action. I do not believe family law applies in civil partition. By law, I can't do that. Not that I don't want to."

In the judgment, the trial court decreed, "That the *Brown* formula cannot be ordered in this civil partition action."

While the trial court correctly stated that family law does not apply in a civil action for partition, it improperly concluded that it could not formulate a remedy in accordance with *Brown*.

"In fashioning an equitable remedy, the court is not precluded from considering whether the result in the equitable proceeding should be identical to what it would be if the action had been brought under the Family Law Act, but it is not required to apply it." (*Brink* v. *Brink, supra,* 155 Cal.App.3d at p. 222, fn. omitted.)

Since the trial court mistakenly believed that it could not arrive at a result identical to that which would have occurred had this been an action which could and properly had been brought under the Family Law Act and *Brown* applied, it did not completely exercise its discretion to arrive at what it believed to be an appropriate remedy. This is readily apparent from the trial court's comment that it could not apply *Brown* (family law) principles,

stating, "[b]y law I can't do that. Not that I don't want to." Reversal is warranted.

We do not intend by anything we have said to imply that the trial court *must* employ the *Brown* formula. On remand, the trial court will once again have the power to fashion any appropriate equitable remedy, including the remedy that would result if the Family Law Act did apply.

For guidance of the trial court, however, we note that the manner in which it ultimately divided the savings and retirement plans was far from equitable because it did not take into account the appreciation of the community asset.

The judgment is reversed. The matter is remanded for further proceedings in accordance with the views expressed in this opinion. Plaintiff Nora Zarrahy is to recover her costs on appeal.

Woods, (A. M.) P. J., and George, J., concurred.