Filed 2/4/14  Marriage of Taylor CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of CAROLINE and RONALD TAYLOR. | |
| CAROLINE TAYLOR, | D062286 |
| Respondent, | (Super. Ct. No. DN159538) |
| v. | |
| RONALD TAYLOR, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Sim Von Kalinowski, Judge.  Affirmed.

Law Offices of Sondra S. Sutherland and Sondra S. Sutherland for Appellant.

Palmer Rodak & Associates and Matthew E. Palmer for Respondent.

This appeal concerns an order regarding the division of assets in the dissolution of the marriage between Ronald Taylor (Ronald) and Caroline Taylor (Caroline).[1] Specifically, it involves real property that was Ronald's separate property acquired through an inheritance. The court found that although that property was Ronald's separate property, there was a community interest in the amount the property had increased in value, approximately $333,000, through the joint efforts of Ronald and Caroline. The court divided the community property portion of the asset in half and awarded half of the increased value, $166,000, to Caroline.

On appeal, Ronald asserts (1) the court erred by characterizing the increased value of the property as community property, and (2) his inheritance should not be considered a form of "deferred compensation." We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Factual Background*

The parties' marriage was a long-term one. They married in February 1995 and separated approximately 15 years later in January 2010. At the time of dissolution, Ronald and Caroline had no minor children and were 65 and 64 years old respectively.

During the marriage, the parties enjoyed a middle-class standard of living, Ronald working as a sheet metal worker with an annual salary of $50,000 to $60,000. Although

---

[1]  As is customary in family law matters, and in the interest of clarity, we refer to the parties by their first names. (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1136, fn. 1.) We intend no disrespect.

2

Caroline had limited experience in real estate and some work as an artist, she was primarily a homemaker during the marriage.

In 2002 Ronald retired from his position as a sheet-metal worker and began a full-time career managing his mother's real estate. Together with Caroline, Ronald helped purchase and sell multiple properties. Caroline and Ronald worked to repair and renovate three apartment houses, with a total of 11 rental units. Ronald hired workers to do some of the tasks, but did much of the drywall, electrical and plumbing himself. Caroline did the cleaning, decorating and painting. Ronald and Caroline did not have an ownership interest in the properties when they performed some of this work. However, they performed the work under the express agreement with Ronald's mother and brother that the properties, which were held in their mother's trust, would be divided in a manner that compensated Ronald for the work. Specifically, Ronald, his mother and his brother agreed that the brothers would split the father's trust 50-50, and their mother's trusts 75-25, with Ronald receiving 75 percent as compensation for the work he and Caroline would do to improve and manage the property.

When Ronald's mother died in 2007, Ronald inherited the above-described apartment buildings, along with his share of his parents' trusts. Ronald's brother inherited $1 million, which was 37.5 percent of the trusts' total value, and Ronald inherited $1.666 million, which was 62.5 percent of the trusts' total value. These percentages reflected the above-described agreement between Ronald, his mother and his brother.

B. *Relevant Procedural Background*

The case was tried on September 22, 2011, October 19, 2011 and January 9, 2012. At issue was the characterization and division of the parties' assets, including the property Ronald inherited during the marriage.

Caroline requested that the community receive a credit for the work that the parties did to manage and improve upon the mother's inherited properties. Specifically, Caroline requested the court determine an "equitable apportionment, benefitting the community, of the future profits resulting from the rental properties to reimburse the community efforts for the very substantial efforts made in renovation and repairs." As Caroline noted, Ronald was already benefitting from the community's efforts to improve upon the inherited properties.

At the conclusion of trial, the court found that the apartment buildings were Ronald's separate property and awarded the properties to Ronald. The court also determined, however, that there was a community component to Ronald's inheritance because Ronald and Caroline had used community efforts during the marriage to increase the value of his inheritance. As the trial court explained, had the brothers been given equal amounts of inheritance, each brother would have received $1.333 million of the $2.666 million total. Instead, Ronald received $1.666 million, making the difference Ronald received as compensation for the work he and Caroline had done on the properties $333,000. Because this $333,000 was received as a result of the community efforts Ronald and Caroline had used during the marriage, the trial court found the $333,000 was community property and divided it in half, awarding each party $166,000.

4

DISCUSSION

## I. *STANDARD OF REVIEW*

"Appellate review of a trial court's finding that a particular item is separate or community property is limited to a determination of whether any substantial evidence supports the finding.  [Citations.]  We apply the substantial evidence test . . . to the issue whether equitable apportionment should be applied to this case."  (*In re Marriage of Dekker* (1993) 17 Cal.App.4th 842, 849 (*Dekker*).)

Ronald is challenging the trial court's characterization of the increased value of his separate property as community property and the manner in which the trial court divided the community property portion of this asset.  Accordingly, we apply the substantial evidence standard of review to this matter.

## II. *THE TRIAL COURT'S DETERMINATION THAT THE INCREASED VALUE WAS COMMUNITY PROPERTY*

In California, inheritance is considered separate property.  (Cal. Const., art. 1, § 21; Fam. Code, § 770, subd. (a)(2).)  Moreover, ordinarily the rents, issues and profits of separate property remain separate property.  (Fam. Code, § 770, subd. (a)(3).)

However, the value of the community's efforts, time and labor are community property.  (*Dekker, supra,* 17 Cal.App.4th at p. 850.)  "Where community efforts increase the value of a separate property business, it becomes necessary to quantify the contributions of the separate capital and community effort to the increase."  (*Id.* at p. 851.)  Courts "must apportion profits derived from community effort to the community . . . ."  (*Id.* at pp. 851-852.)

5

There are two approaches a court may use to apportion the profits. "One method of apportionment, first applied in *Pereira* v. *Pereira* (1909) 156 Cal. 1, 7 and commonly referred to as the *Pereira* approach, 'is to allocate a fair return on the [spouse's separate property] investment [as separate income] and to allocate any excess to the community property as arising from the husband's efforts.' [Citation.] The alternative apportionment approach, which traces its derivation to *Van Camp v. Van Camp* (1921) 53 Cal.App. 17, 27-28, is 'to determine the reasonable value of the [spouse's] services . . . , allocate that amount as community property, and treat the balance as separate property attributable to the normal earnings of the [separate estate].'" (*Beam v. Bank of America* (1971) 6 Cal.3d 12, 18, fns. omitted.)

The trial court has the discretion to use whichever approach will serve "substantial justice" in a particular case. (*Dekker, supra*, 17 Cal.App.4th at pp. 852-853.)

In this case it appears the trial court applied the *Perieria* approach, finding that the increased value of Ronald's separate property was the result of the community efforts put forth by Ronald and Caroline during the marriage. Specifically, the court found that Caroline's contribution of labor allowed Ronald to attain a greater share of his mother's trust estate and that the value of Ronald's separate property had increased $333,000 due to the community's efforts. The court allocated the increased value of $333,000 to the community, awarded each party half of that amount, $166,000, and designated the remaining amount as Ronald's separate property.

6

Ronald concedes he is not challenging the trial court's choice of approach in this case. However, Ronald disputes the court's apportionment of his inheritance based upon the increase in value as a result of community efforts.

The trial court's finding that the value of Ronald's inherited property increased due to the community's efforts during the marriage is supported by substantial evidence in the record. Moreover, the trial court's determination that the value which should be apportioned to the community is the value of the increased inheritance Ronald received as compensation for the community's efforts is also supported by substantial evidence. Accordingly, based upon *Dekker, supra,* 17 Cal.App.4th at pages 851-852, the court did not err in awarding $166,000 to Caroline.

### III. *THE DEFERRED COMPENSATION ISSUE*

As Ronald recognizes, a gift that is considered deferred compensation for services rendered by the recipient spouse during the marriage becomes community property. (*Downer v. Bramet* (1984) 152 Cal.App.3d 837, 844.) However, he claims that because Caroline stipulated at trial that the inherited properties were his separate property, that prevented Caroline from asserting a community interest based upon the increase in value as a result of the community's efforts.

The fact that Caroline stipulated at trial that the inherited properties were his separate property is of no moment. As Ronald concedes in his opening brief, that stipulation was subject "to any 'right of reimbursement' that Caroline may have had for community efforts." (Italics omitted.) As we have discussed, *ante*, substantial evidence supports the court's determination that the community's efforts increased the value of the

7

inherited properties, and the court appropriately divided that amount between Ronald and Caroline.

The fact that Caroline did not raise a "deferred compensation" issue below does not mean that she waived this issue. Neither party raised any issue of whether the community efforts should be considered a form of deferred compensation. The only issue that was litigated was whether it was proper to divide the value of the community's efforts that increased the value of the inherited properties.

It is undisputed that Ronald and Caroline worked on the inherited properties at issue while said properties still belonged to Ronald's mother. It is also undisputed that the parties did this work with the understanding that Ronald would receive an increased inheritance as compensation for these services. Caroline asserted during the trial that the community was entitled to reimbursement for the amount Ronald's inheritance was increased by the community's efforts. As we have concluded, *ante*, the court correctly divided the amount the properties increased in value due to that community effort.

DISPOSITION

The judgment is affirmed. Caroline shall recover her costs on appeal.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.

8