Filed 10/9/13  Pellegrino v. Pellegrino CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| FRANCIS V. PELLEGRINO, as Trustee, etc., <br><br>    Plaintiff, Cross-defendant and Respondent, <br><br>    v. <br><br> GINA MARIE PELLEGRINO, Individually and as Trustee, etc., <br><br>    Defendant, Cross-complainant and Appellant. | D062635 <br><br><br> (Super. Ct. No. 37-2011-00085451-CU-CO-CTL) |

APPEAL from postjudgment orders of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Mayfield Bustarde, Gayle Mayfield-Venieris; McKenna Long & Aldridge and Charles A. Bird for Defendant, Cross-complainant and Appellant.

Duckor Spradling Metzger & Wynne, Anna F. Roppo, James E. Chodzko and Robert M. Shaughnessy for Plaintiff, Cross-defendant and Respondent.

Francis V. Pellegrino (Frank), Alexander C. Pellegrino (Alex), and Gina Marie Pellegrino (Gina) are siblings and partners of Nicholas Pellegrino Investments, LP (NPI), a California limited partnership started by their late father.[1]  After years of disputes and escalating tensions, Frank and Alex filed a declaratory relief action to determine the rights and obligations of the managing partners and limited partners of NPI.  Gina filed, but later dismissed, a cross-complaint for involuntary dissolution of NPI.  A provision in the NPI partnership agreement allows the prevailing party to recover attorney fees.

Following a bench trial, Frank and Alex prevailed on all aspects of the litigation and the court ordered Gina to pay attorney fees.  Gina argues that she should not have to pay the attorney fees Frank and Alex incurred defending her cross-complaint because she voluntarily dismissed it.  The NPI partnership agreement's provision on attorney fees was broadly worded and covered "any dispute between the partners."  Absent a statutory reason not to honor the intent of the contracting parties, we affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

Nicholas Pellegrino died in 2000, leaving Frank, Alex, and Gina as equal partners in NPI.[2]  NPI's real estate holdings include several apartment buildings and an office

---

[1]     "[W]e refer to the parties by their first names for purposes of clarity and not out of disrespect." (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1136, fn. 1).  Frank is more formally referred to as Francis V., Alex as Alexander C., and Gina as Gina Marie.  However, we refer to them by their less formal names because this is how they were referred to in the record.

[2]     There are technically three different classes of ownership and various trust entities involved, largely due to tax considerations.  For our purposes, however, Frank, Alex, and Gina were given equal partnership interests.

building.[3]  In 2005 the siblings became embroiled in disputes about management of the jointly controlled assets.  In 2008 Frank, Alex, and Gina signed a "Compromise Agreement and Mutual General Release" (Compromise Agreement) to resolve their issues.  The Compromise Agreement included several changes to the then-existing limited partnership agreement.  NPI's attorney drafted the "Second Amended and Restated Partnership Agreement of NPI" (Second Amended Agreement) to incorporate changes from the Compromise Agreement.  Negotiating this Second Amended Agreement took more than two years.  In its statement of decision, the trial court remarked the Second Amended Agreement was "heavily lawyered by all parties."  The Second Amended Agreement addressed a number of issues, but only paragraph 16.2 of the Second Amended Agreement is relevant for this appeal:

> "16.2 Attorneys' Fees:  In any dispute between the partners, whether or not resulting in arbitration, the prevailing party shall be entitled to recover from the other party all reasonable costs, including, but not limited to, reasonable attorneys' fees."

Despite the Second Amended Agreement, which was signed in 2010, the working relationship among the siblings deteriorated further.  Frank and Alex tried to assert power as a two-thirds majority, but Gina blocked their efforts.  In some cases, she asserted unanimous consent of the partners was required.  In others, she acted unilaterally without authority or simply refused to recognize the authority held by her brothers.

---

[3]  A second entity that managed and operated NPI's properties, Pell Property Management, Inc. (PPM) was also part of the litigation.  However, details related to PPM are unnecessary for resolving this appeal and thus are omitted.

3

In February 2011 Frank and Alex filed a declaratory relief action to determine the rights and obligations of the managing general partners and limited partners of NPI. In August, Gina filed a cross-complaint for involuntary dissolution of the partnership. To avoid involuntary dissolution, Frank and Alex offered to purchase Gina's interest in NPI. Gina rejected the offer, but indicated she was amenable to a buyout.

The parties hired an experienced mediator, but the negotiations were not successful. In December 2011 Gina voluntarily dismissed the cross-complaint without prejudice. In early 2012 a five-day bench trial resolved all issues in favor of Frank and Alex. The court provided a 31-page statement of decision, which included a finding that Frank and Alex were "prevailing parties" within the meaning of paragraph 16.2 of the Second Amended Agreement and could seek attorney fees and costs.

In a minute order, the trial court confirmed that Frank and Alex were entitled to attorney fees resulting from both the complaint and the dismissed cross-complaint. The proceeding was continued until July 6, 2012, so Frank and Alex's memoranda of costs and Gina's motion to tax costs could be considered together. Though denying some costs related to appraisals, the court ordered Gina to pay $213,110.78 to Alex and $314,584.76 to Frank. Gina filed a notice of appeal to set aside the attorney fees and costs related to the dismissed cross-complaint.[4] Gina also objects to the court's characterization of the three siblings as a "profoundly dysfunctional family" and requests reassignment to a new judge on remand.

---

[4] Gina later dismissed the appeal as to Alex.

4

DISCUSSION

I

"On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law. [Citations.]" (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.) Because Gina asserts an issue of statutory construction, we review de novo.

II

Attorney fees can be awarded as costs to the prevailing party when authorized by the parties' agreement. (Code Civ. Proc., §§ 1021, 1033.5, subd. (a)(10); *Santisas* v. *Goodin* (1998) 17 Cal.4th 599, 607, fn. 4.) An agreement can encompass fees incurred in both contract and noncontract causes of action, or can be more narrowly drawn. (*Santisas* v. *Goodin*, *supra*, at p. 608.) Here, paragraph 16.2 of the Second Amended Agreement uses very broad language: "in any dispute." As noted *ante*, all parties were represented in the agreement and the document went through numerous revisions. Had a more restrictive attorney fees provision been intended, the parties could have written paragraph 16.2 more narrowly.

It is undisputed that Frank and Alex were the prevailing parties in all aspects of the litigation tried. Only the voluntary dismissal of the cross-complaint is at issue. Code of Civil Procedure section 1032, subdivision (a)(4) defines " '[p]revailing party' " as including, among others, "a defendant in whose favor a dismissal is entered." The

5

section specifically states, " '[d]efendant' includes a cross-defendant." (*Id.*, § 1032, subd. (a)(2).) Frank and Alex were cross-defendants on the cross-complaint and thus are covered by the statute.

Gina contends Corporations Code section 15908.02, subdivision (d), bars Alex and Frank's recovery of attorney fees incurred on the dismissed cross-complaint because it contains a unilateral attorney fees provision. Corporations Code section 15908.02, subdivision (d), applies to the judicial dissolution of a limited partnership. The provision she cites is intended to ensure the purchasing party acts within the time specified by the court. The relevant language of subdivision (d) is: "If the purchasing parties do not make payment for the partnership interests within the time specified, judgment shall be entered against them . . . for the amount of the expenses, including attorneys' fees, of the moving parties."

NPI was not at the stage of judicial dissolution addressed by Corporations Code section 15908.02, subdivision (d). There was no judicially ordered dissolution in place, there were no "purchasing parties" yet, and there was no court-specified time to act. (*Ibid.*) Corporations Code section 15908.02 does not apply in the context Gina asserts it.[5] Given our conclusion on the merits of the appeal, we decline to address Gina's contention a new trial judge should be assigned on remand.

---

[5]    In the appellant's opening brief, Gina asserted Civil Code section 1717, subdivision (b)(2), bars Frank and Alex from receiving attorney fees on her cross-complaint. In her reply brief, Gina conceded that "when attorney fees can be awarded under a statute other than Civil Code section 1717, the no-fees-on-voluntary-dismissal

DISPOSITION

The orders are affirmed.  Respondent is entitled to costs on appeal.


McCONNELL, P. J.

WE CONCUR:


BENKE, J.


NARES, J.

---

rule of that section does not apply."  The appellant's reply brief refocuses her appeal solely based on Corporations Code section 15908.02.