Filed 10/30/13  Marriage of Guo and Sun CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of XIA GUO and XIAO HUA SUN. | B240703 |
| XIA GUO, Respondent, v. XIAO HUA SUN, Appellant. | (Los Angeles County Super. Ct. No. GD041530) |

APPEAL from an order of the Superior Court of Los Angeles County, Dianna Gould-Saltman, Judge.  Affirmed.

Law Offices of George L. Young and Steven L. Sugars for Respondent.

Law Office of Robert S. Altagen and Robert S. Altagen for Appellant.

_____

## INTRODUCTION

Appellant Xiao Hua Sun appeals an order denying his motion to set aside a judgment. We affirm.

Respondent Xia Guo commenced this action by filing a marital dissolution petition against Sun. Less than five months later, Guo filed an amended petition seeking an annulment of the marriage on the ground that Sun was still married to another woman when he married Guo. Pursuant to a stipulation of the parties, the superior court entered a judgment of nullity. Sun then filed a motion seeking to be declared Guo's putative spouse, which the court denied with a signed order dated February 17, 2009. Sun contends this order was a "judgment."

More than two years later, in November 2011, Sun challenged the February 17, 2009, order by filing a motion to set aside a judgment.[1] This motion was made on the grounds that Sun was fraudulently prevented from fully participating in the proceedings and that he failed to comply with the disclosure requirements of the Family Code. Underlying Sun's motion was his claim that he recently discovered his divorce to his first wife had become final *prior* to his marriage with Guo. The superior court entered an order denying Sun's motion mainly on the ground that it was untimely. We conclude that the superior court did not abuse its discretion in denying Sun's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1992, Sun married Nadia Sturlese in Italy. The couple resided in Italy and had two children together.

Sun became romantically involved with Guo in approximately 1997. On February 14, 2001, Sun and Guo married. One day later, Sun filed a dissolution petition in the superior court seeking a divorce from Sturlese. In August 2001, the superior court entered a judgment dissolving Sun's marriage to his Italian wife.

---

[1] Guo does not dispute that the February 17, 2009, order was a judgment for purposes of a motion to set aside a judgment. Without deciding the issue, we also assume the order was subject to a motion to set aside a judgment.

In August 2007, Guo filed a petition for dissolution of marriage against Sun.  After filing the petition, Guo formed a belief that Sun's Italian marriage was not legally dissolved when she married him.  Guo thus filed an amended petition requesting an annulment of her marriage on the ground that Sun committed bigamy.

On August 15, 2008, pursuant to a stipulation of the parties, the superior court entered a judgment nullifying the marriage of Guo and Sun.  After the judgment was entered, Sun sought to be declared a putative spouse.  On December 22, 2008, the superior court entered a memorandum of decision denying Sun's putative spouse claim on the ground that he did not have an objectively good faith belief that his prior marriage was dissolved before he married Guo.

On February 17, 2009, the superior court entered a signed order denying Sun's request for a finding of putative spouse status.  Sun filed a timely appeal of that decision.  In *In re Marriage of Guo & Sun* (2010) 186 Cal.App.4th 1491 (*Guo & Sun I*), we affirmed the superior court's order.[2]

In June 2011, Sun travelled to Italy to renew his Italian passport.  He claims at that time he discovered Sturlese had obtained a default judgment in Italy dissolving their marriage "on or around" January 23, 2001.

---

[2]    *Guo & Sun I* was later disapproved in part by *Ceja v. Rudolph & Sletten, Inc.* (2013) 56 Cal.4th 1113, 1126 (*Ceja*).  In *Guo & Sun I*, we held that the trial court correctly applied an objective good faith standard in determining whether Sun was a putative spouse.  (*Guo & Sun I*, *supra*, 186 Cal.App.4th at p. 1497.)  We based that holding on *In re Marriage of Vryonis* (1988) 202 Cal.App.3d 712, 719 (*Vryonis*) and cases following *Vryonis*.  (*Guo & Sun I*, at p. 1497.)  In *Ceja*, the California Supreme Court disapproved of "*Vryonis* and its progeny to the extent they hold good faith is tested by an objective standard that examines whether the facts surrounding the marriage would cause a hypothetical reasonable person to believe in its validity, i.e., a reasonable person test."  (*Ceja*, at p. 1126.)  Instead, the court held, "[t]he good faith inquiry is a subjective one that focuses on the actual state of mind of the alleged putative spouse."  (*Id.* at p. 1128.)

3

On November 2, 2011, Sun filed a motion to set aside the February 17, 2009, order. In this motion, Sun argued the order should be set aside on the grounds that it was entered as a result of actual fraud and that Sun was "unable to fully comply with the disclosure statement" required by the Family Code.

As evidence in support of his motion, Sun filed a copy of a judgment by the Court of Florence, Italy (Italian Judgment), as well as a certified translation of the Italian Judgment. Sun contends that under the Italian Judgment, he was "legally divorced as of January 23, 2001."[3]

The superior court held a hearing on Sun's motion on December 13, 2011. At the hearing, the court stated: "My tentative is to deny. There is no due diligence. So the statute of limitations [set forth in Family Code section 2122, subdivisions (a) and (f)[4]] does apply. There was no fraud on the part of [Guo] or alleged on the part of [Guo]. And [Sun's] non compliance with the declarations of disclosure by virtue of the new found circumstance is not grounds to set aside the judgment on the part of [Guo]." The court also stated: "[Sun] had the opportunity to exercise due diligence to determine the status of his marriage in Italy. And he elected not to do that. In fact, he entered into a stipulation. And time has now lapsed." At the end of the hearing, the court entered a minute order denying Sun's motion to set aside a judgment.

---

[3] We cannot determine from the face of the translation of the Italian Judgment when the judgment was entered or when Sun was legally divorced from Sturlese under Italian law. The judgment appears to be a document created in 2001 because the year "2001" is printed on the top right corner of the first page and because the judgment indicates it was issued after a hearing on the matter on January 23, 2001. The judgment states that the Court of Florence "pronounced judgment of legal separation on 01-28-/02-20/1998." It also states that the court "pronounces the cessation of the civil effects of the marriage" between Sun and Sturlese. At the end of the judgment, it states: "Thus decided in Florence, in chambers on 1/28/1998." It is unclear whether this was a typographical error, or whether under Italian law the judgment was effective nunc pro tunc on January 28, 1998—the initial date of the couple's legal separation.

[4] Except as otherwise stated, all future statutory references are to the Family Code.

On February 23, 2012, the superior court entered a signed order denying Sun's motion to set aside a judgment.~(CT 59)~ Sun filed a timely notice of appeal of that signed order.~(CT 61)~

## CONTENTIONS

In this appeal, Sun does not challenge the judgment of nullity dated August 15, 2008. Rather, he contends that the superior court erroneously denied his motion to set aside the February 17, 2009, order denying his putative spouse claim. Sun contends that order should have set aside for fraud, perjury, mistake and failure to comply with disclosure requirements.

## DISCUSSION

We review a trial court's denial of a motion to set aside a judgment in a family law case for abuse of discretion. (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138; *In re Marriage of Brewer & Federici* (2001) 93 Cal.App.4th 1334, 1346 (*Brewer*).) A trial court abuses its discretion when it exercises its discretionary authority in an arbitrary, capricious, or patently absurd manner. (*Hernandez v. Amcord, Inc.* (2013) 215 Cal.App.4th 659, 678.)

Within six months after a judgment is entered in a family law case, a party may file a motion to set aside a judgment pursuant to Code of Civil Procedure section 473 or section 2122. (*In re Marriage of Heggie* (2002) 99 Cal.App.4th 28, 32 (*Heggie*).) Where, as here, the six month period has lapsed, "the litigant is limited to just the grounds specified in section 2122, and still faces some time limits." (*Heggie*, at p. 32.)

Section 2122 provides: "The grounds and time limits for a motion to set aside a judgment, or any part or parts thereof, are governed by this section and shall be one of the following:

"(a) Actual fraud where the defrauded party was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the fraud.

"(b) Perjury.  An action or motion based on perjury in the preliminary or final declaration of disclosure, the waiver of the final declaration of disclosure, or in the current income and expense statement shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the perjury.

"[¶] . . . [¶]

"(e)  As to stipulated or uncontested judgments or that part of a judgment stipulated to by the parties, mistake, either mutual or unilateral, whether mistake of law or mistake of fact.  An action or motion based on mistake shall be brought within one year after the date of entry of judgment.

"(f)  Failure to comply with the disclosure requirements of Chapter 9 (commencing with Section 2100).  An action or motion based on failure to comply with the disclosure requirements shall be brought within one year after the date on which the complaining party either discovered, or should have discovered, the failure to comply."

1.    *Fraud*

"Prior to the enactment of section 2120 et seq., the law recognized a distinction between extrinsic fraud, which was a basis for setting aside a judgment even after the expiration of the six-month period under Code of Civil Procedure section 473, and intrinsic fraud, such as perjury, which was not a valid ground for relief."[5]  (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1144, fn. 7.)  "The new statutory scheme abolishes the distinction between extrinsic and intrinsic fraud."  (*Brewer*, *supra*, 93\ Cal.App.4th at p. 1345, fn. 10.)

The definition of fraud in section 2122, subdivision (a), appears to incorporate the common law definition of extrinsic fraud.  In *Kulchar v. Kulchar* (1969) 1 Cal.3d 467 (*Kulchar*), a case decided before section 2122 was enacted, the California Supreme Court

---

[5]    When the Legislature enacted section 2120 et seq. in 1993, it found and declared: "The law governing the circumstances under which a judgment can be set aside, after the time for relief under Section 473 of the Code of Civil Procedure has passed, has been the subject of considerable confusion which has led to increased litigation and unpredictable and inconsistent decisions at the trial and appellate levels."  (§ 2120, subd. (d).)

described the kinds of circumstances that amounted to extrinsic fraud: "Extrinsic fraud usually arises when a party is denied a fair adversary hearing because he has been 'deliberately kept in ignorance of the action or proceeding, or some other way fraudulently prevented from presenting his claim or defense.' " (*Kulchar,* at p. 471.)

The *Kulchar* court further stated: " 'Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception *practiced on him by his opponent*, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance *by the acts of the plaintiff*; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,– these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing.' " (*Kulchar*, *supra*, 1 Cal.3d at p. 471, italics added.)

Here, Sun argues that the trial court should have set aside the judgment pursuant to section 2122, subdivision (a) because there is "clear evidence of extrinsic fraud." Sun contends that because he "was never informed of the divorce proceedings in Italy," he did not present evidence "to dispute Guo's allegations of a bigamous marriage." Had he presented such evidence, Sun contends, the superior court "would have found that there was no bigamous marriage."[6] We reject this argument.

There is no evidence that Sun's opponent in this litigation—Guo—had anything to do with keeping Sun ignorant of the legal proceedings in Italy. Indeed, there is no

---

[6]     It is difficult to understand how this argument relates to the February 17, 2009, order—the "judgment" Sun sought to set aside. Guo's bigamy allegations were not at issue when the trial court entered the order because her marriage to Sun had already been annulled. The real target of Sun's motion was the August 15, 2008, judgment of nullity. Because Guo does not raise this issue, we shall assume, without deciding, that by moving to set aside the February 17, 2009, order, Sun impliedly moved to set aside the judgment of nullity.

evidence that anyone acted fraudulently or deceptively towards Sun in this action or in the Italian divorce proceedings. All we know from the record is that Sun failed to ascertain the true and complete facts about the dissolution of his marriage to Sturlese when Guo accused him of bigamy. Sun thus did not prove that he was prevented from fully participating in the superior court action by Guo's or anyone else's fraudulent conduct.

Even if we assume Sun presented evidence of fraud within the meaning of section 2122, subdivision (a), we would affirm the superior court's order denying Sun's motion to set aside a judgment. Contrary to Sun's contention, the statute does contemplate that the moving party will act with due diligence. Section 2122, subdivision (a) required Sun to file his motion within one year after he discovered, "or should have discovered," the alleged fraud. Guo accused Sun of bigamy in January of 2008. Yet Sun did not investigate the matter until June of 2011, and he did not file his motion until November of 2011. A reasonable trial court could have concluded that Sun should have discovered the alleged fraud several years before he brought the motion. The trial court therefore acted well within its discretion when it found that Sun failed to file his motion in a timely manner.

2.     *Perjury and Mistake*

Sun argues that the February 17, 2009, order should be set aside because Guo committed perjury by claiming Sun was in a bigamous marriage. Alternatively, Sun contends that the order should be set aside because he and Guo mistakenly believed he was in a bigamous marriage. Sun did not, however, make these arguments in the trial court. He therefore forfeited the arguments on appeal. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 798.)

3.     *Failure to Comply with Disclosure Requirements*

In the superior court, Sun argued that the February 17, 2009, order should be set aside because *he* failed to fully comply with the disclosure requirements of section 2100 et seq. Specifically, Sun argued that he failed to disclose "his true marital status with reference to his Italian marriage."

8

Sun now contends that the order should be set aside because *Guo* "failed to disclose any community assets" in her amended petition. In particular, Sun argues that Guo should have assumed that many of her assets were community assets because the "Italian divorce documents clearly show that Sun and Guo were legally married." Sun forfeited this argument, however, because he did not assert it in the trial court.

Moreover, Sun was required to bring his motion within one year after the date on which he either discovered, or "should have discovered," Guo's alleged failure to comply with the disclosure requirements. (§ 2122, subd. (f).) As explained *ante*, Sun should have discovered the true facts about the status of his Italian marriage more than a year before he filed his motion. The trial court thus acted within its discretion in determining that Sun's motion to set aside a judgment pursuant to section 2122, subdivision (f), was untimely.

## DISPOSITION

The superior court order dated February 23, 2011, denying appellant Sun's motion to set aside a judgment is affirmed. Respondent Guo is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

CROSKEY, Acting, P. J.

ALDRICH, J.

9