Filed 5/27/16  Marriage of Parafeink and Ehrgott CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re the Marriage of OXANA PARAFEINIK and STEVEN KIM EHRGOTT

OXANA PARAFEINIK,

    Appellant,

v.

JAY D. EHRGOTT, as Executor, etc.,

    Respondent.

E063028

(Super.Ct.No. FAMSS804960)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Deborah Daniel, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Oxana Parafeinik, in pro. per., for Appellant.

Orren & Orren and Tyna Thall Orren for Respondent.

1

Appellant Oxana Parafeinik and respondent Steven Kim Ehrgott[1] were married in 2003 but separated in 2008. Their dissolution was final on February 17, 2011. The dissolution of marriage judgment included an award of a house located at 3740 East Green Street in Pasadena (Green Street) to Ehrgott, who purchased the home prior to the marriage, as his sole and separate property pursuant to the factors in Family Code section 2640.[2] Parafeinik did not file an appeal from the dissolution of marriage judgment. On January 16, 2015, Parafeinik filed her Request for Order seeking relief from the dissolution of marriage judgment (Request for Order) based on extrinsic fraud. The trial court denied the Request for Order and Parafeinik has appealed the denial.

Parafeinik claims on appeal as follows: (1) fraudulent fair adversary hearing prevented her from arguing to the court that Family Code section 2640 was fraudulently used by Ehrgott's attorney and was misapplied by the trial court; (2) Ehrgott's attorney presented false evidence that Family Code section 2640 applied to the Green Street house; (3) the court's judgment ordering elimination of Parafeinik's joint tenant grant deed rights with no consideration was a violation of Civil Code sections 1427 through 1428, 1549 through 1550, 1572, and 1596; (4) violation of California joint tenant equal ownership property laws when the court awarded sole ownership to Ehrgott; (5) willful and fraudulent misrepresentation and misuse of Family Code section 2640 by the trial

---

[1] Ehrgott passed away on October 24, 2013. Jay D. Ehrgott was named the executor of his estate. When we refer to Ehrgott, it is in reference to Steven as an individual and the estate.

[2] All further statutory references are to the Family Code unless otherwise indicated.

court awarding Ehrgott the Green Street house, when a joint tenant grant deed had been signed by Parafeinik and Ehrgott; (6) violation of Evidence Code sections 600 through 606 in denial of lawful presumption rebuttal by the court not hearing argument on her Request for Order; and (7) her Request for Order was not barred by the statute of limitations.

We conclude the lower court properly denied the Request for Order.

## FACTUAL AND PROCEDURAL HISTORY

Parafeinik and Ehrgott were married on June 13, 2003. Prior to their marriage, in May 1997, Ehrgott purchased the Green Street house. For the first time on appeal, Parafeinik provides a grant deed that transferred the Green Street house from Ehrgott as his sole property to Parafeinik, as a married woman and Ehrgott as a married man. Thereafter, a grant deed dated November 13, 2003, provided that "OXANA PARAFEINIK, A MARRIED WOMAN (MY WIFE) AND STEVE EHRGOTT, A MARRIED MAN" granted the Green Street house to, "STEVE EHRGOTT AND OXANA PARAFEINIK, HUSBAND AND WIFE AS JOINT TENANTS."

On September 9, 2008, Parafeinik filed a petition for dissolution of marriage. The judgment of dissolution was entered on February 17, 2011, after a short trial at which both Ehrgott and Parafeinik testified. Both were represented by counsel. The parties stipulated that the gross value of the Green Street house was $300,000.

The trial court found the date of marriage was June 13, 2003, and the date of separation was August 29, 2008. The trial court determined that at the time the Green Street house was transmuted from Ehrgott's separate property to community property, the

3

gross fair market value of the residence was $300,000. The trial court found, "The amount of separate property debt was $139,833, and that the Respondent is entitled to reimbursement under Family Code § 2640 in the amount of $160,065." "The Court finds that the current value continues to be $300,000, that the current encumbrance is $147,235 for a net equity in the property of $152,765. Since the Respondent was entitled to be reimbursed $160,167, his reimbursement rights under Family Code [section] 2640 are limited to the value of the asset and the Court awards this asset to him as his sole and separate property at a net value of $0."

The judgment was signed on February 17, 2011. The judgment was served on March 1, 2011. No direct appeal was filed. Ehrgott died on October 24, 2013.

On January 16, 2015, Parafeinik filed her Request for Order. She sought relief from the judgment entered on "2/11/2011." She sought to set aside the judgment on the ground of extrinsic fraud. She alleged the application was timely as no time limit was applied to request relief from a judgment obtained by extrinsic fraud.

Parafeinik alleged it was explained to her that under section 2640 that Ehrgott was entitled to reimbursement of $160,000. She alleged, "The property value was at $300,000 and the liens were a sum of $139,833. Giving the net equity of $152,765. The claim was that the respondent had the right to be awarded the sum of $160,000 per Family Code section 2640 . . . , which was inappropriate for this case." Parafeinik alleged she was from Ukraine and was just learning English when she signed the dissolution of marriage documents. Ehrgott's counsel improperly explained the import of section 2640. Parafeinik argued extrinsic fraud could be shown for almost any action.

4

Parafeinik alleged in her statement of facts that on November 13, 2003, Ehrgott filed a grant deed placing her as joint tenant on the Green Street house. She and Ehrgott were represented by counsel during the dissolution proceedings. She alleged both counsel had a conference outside the presence of her and Ehrgott. She was then told she would be signing over her rights to the Green Street house. She understood the agreement to be that Ehrgott would remain in the house, but when he moved out, they would divide the interest equally as joint tenants.

Parafeinik alleged that in September 2014, she received a telephone call from a bill collector regarding the passing of Ehrgott. She alleged, "On December 4th 2014 the Petitioner first became aware of the willful fraud committed against her in which she was entitled to her share of the equity in the 'Real Property' in question. In this case the Petitioner was told by counsel that under Family Code section 2640 she was not entitled to any of the equity in the [Green Street house]. However Oxana Prafienik [*sic*] became a 'Joint Tenant' on the title upon her marriage to the respondent."[3]

Parafeinik discovered she was still named as a joint tenant on the Green Street house. She also discovered that based on Ehrgott's last will and testament, he named his parents as the heirs to the Green Street house. There had not been a distribution of the assets.

Parafeinik submitted a declaration in which she claimed that soon after she and Ehrgott were married, they signed a joint tenancy grant deed for the Green Street house.

_____

[3] At oral argument, Parafeinik disputed the court's recitation of the facts. However, these facts were taken directly from the Request for Order filed by Parafeinik.

5

She also attached the dissolution of marriage judgment showing Ehrgott was awarded the Green Street house as his sole and separate property.

Parafeinik also submitted another declaration that included citations to Family Code sections 721, 850-853, and 2640. She also cited to Civil Code section 683.2 in regards to fraud and deceit. Parafeinik indicated that on April 6, 2012, she was "presented and compelled" to sign an Interspousal Transfer deed prepared by Ehrgott's attorney, Marie Braun. In May 2012 the Interspousal Transfer deed was rejected by the county recorder. An Interspousal Transfer deed was filed in the Los Angeles County Recorder's office on December 19, 2014. Parafeinik again stated that she understood the dissolution agreement to allow Ehrgott to remain living in the Green Street house until his death or he was ready to move out. She did not understand that she was signing away her real property rights. Parafeinik alleged that the Interspousal Transfer Deed filed with the Los Angeles County Recorder had been altered and was null and void.

Parafeinik concluded, "By using Family Code Section 2640 the Respondent through his counsel concealed the community asset (petitioners [*sic*] subject property interest) by stating that this Code Section applied and the Petitioner was not able to receive any consideration for her Joint Tenancy." She also attached a copy of section 2640.

Parafeinik also attached Ehrgott's trial brief. In that brief, Ehrgott asserted a separate property interest in the Green Street house pursuant to section 2640. Ehrgott listed the fair market value in 2002 was $232,000. On November 13, 2003, the fair market value was $300,000 and the mortgage balance was $139,833. On April 24, 2010,

6

the fair market value was $300,000 and the mortgage balance was $148,753. Ehrgott insisted the equity in 2003 was his separate property interest. Ehrgott alleged the Green Street residence should be transferred to him, and that Parafeinik be ordered to execute an Interspousal Transfer Deed.

The original Interspousal Transfer Deed, which granted the Green Street house to Ehrgott, was included as an exhibit. It was signed by Parafeinik on April 6, 2012. A copy was recorded on December 19, 2014.

Ehrgott had filed a Petition to Probate the Estate of Steve Ehrgott. In that proceeding, a petition for return of property to estate was filed by Ehrgott on December 24, 2014. According to the petition, Ehrgott died on October 24, 2013. Ehrgott stated Parafeinik had executed an Affidavit of Death of Joint Tenant (By Surviving Spouse) and filed it on October 20, 2014, in the probate proceedings. In that petition, she alleged she was married to Ehrgott when he died. Parafeinik provided the November 2003 grant deed but did not mention the dissolution judgment or the Interspousal Transfer Deed. She filed a second Affidavit of Death of Joint Tenant no longer stating they were married when Ehrgott died, but failed to acknowledge the dissolution of marriage judgment.

Ehrgott then discovered the Interspousal Transfer Deed that had been signed by Parafeinik on April 6, 2012, had not been recorded because of a defect in the notary acknowledgment. Ehrgott then filed the Interspousal Transfer Deed with the correct notary acknowledgment on December 19, 2014. Ehrgott alleged Parafeinik was falsely claiming title to the Green Street house and wanted it to be made part of the estate. The Affidavits of Death of Joint Tenant filed by Parafeinik clouded title.

7

Also made part of the record in this proceeding was a declaration from Braun, Ehrgott's attorney, who opposed the ex parte hearing on the Request for Order. Braun alleged relief should be denied because the time limits for requesting relief under Code of Civil Procedure section 473 (six months) and Family Code section 2122, subdivision (a) through (f) (two years) had long since passed.

On March 2, 2015, Parafeinik submitted written oral argument. Parafeinik alleged that Braun committed fraud by her misapplication of section 2640. She alleged that prior to Ehrgott's death, she had no reason to investigate the application of section 2640. Parafeinik complained Braun did not make an attempt to explain section 2640 to her at the time of the dissolution proceedings. Braun never showed her the Interspousal Transfer Deed that she would be asked to sign at the time of the dissolution proceedings.

The Request for Order was heard on March 4, 2015. The court noted it had read all of the documents submitted by Parafeinik and Ehrgott. The court noted, "Judgment in this matter was entered in 2011 after a multi-day trial in 2010 when you were represented by counsel. The Court made factual findings, litigated all the issues. [¶] The time for appeal or relief from judgment has long passed. [¶] I find that both of your Requests for Order are without merit, and there is absolutely no legal basis to grant either of your requests." The court also rejected that there was extrinsic fraud. The court found the issues regarding the Green Street house were fully litigated and Parafeinik failed to file a timely appeal. The Request for Order was denied; the judgment was signed on March 25, 2015.

## DISCUSSION

Parafeinik raises a myriad of claims in both her opening and reply briefs that she did not raise below, and relies on evidence not before the lower court. The only argument made below was that the trial court misinterpreted section 2640 in awarding the Green Street house to Ehrgott as his sole property. Parafeinik claimed this was based on extrinsic fraud; Ehrgott and Ehrgott's counsel misadvised Parafeinik as to the import of section 2640. This is the only issue that could properly be reviewed on appeal; however, that claim could have been raised on direct appeal. Parafeinik did not file an appeal from the dissolution of marriage judgment. The trial court properly concluded that the issue was fully litigated and Parafeinik failed to file a timely appeal. Parafeinik addresses the statute of limitations issue on appeal arguing she met the statute of limitations legal criteria for extrinsic fraud and delayed discovery under section 2122, subdivision (a). The Request for Order under section 2122 was untimely. Moreover, she could not reach purely appellate issues by filing her Request for Order pursuant to section 2122.

Parafeinik cannot rely upon section 2122 to extend the time to seek relief from the dissolution of marriage judgment. "Family Code sections 2121 and 2122 establish longer time limitations of up to one year—and in cases of duress or mental incapacity, up to two years—for bringing actions or motions to set aside or modify dissolution judgments." (*In re Marriage of King* (2000) 80 Cal.App.4th 92, 112 (*King*).) "Under section 2122, there are six grounds to set aside a judgment, or portion thereof, including actual fraud, perjury, duress, mental incapacity, mistake, and the failure to fully disclose the value of assets under section 2100 et seq." (*In re Marriage of Georgiou and Leslie* (2013) 218

9

Cal.App.4th 561, 571.) Section 2122 provides, "The grounds and time limits for a motion to set aside a judgment, or any part or parts thereof, are governed by this section and shall be one of the following: [¶] (a) Actual fraud where the defrauded party was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the fraud."

"[T]he statute of limitations under section 2122 accrues as of the date the plaintiff either discovered or should have discovered *the facts constituting the fraud or perjury*, not the date the plaintiff began to suspect the fraud or perjury." (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1149.) An order denying a motion to set aside a judgment under section 2122 is reviewed under an abuse of discretion standard. (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138.)

Here, the court noted several times the issues raised by Parafeinik were all based on Parafeinik's misinterpretation of section 2640, and that the application of section 2640 to this case was fully litigated at the time of the dissolution proceedings. All of Parafeinik's claims are based on her misunderstanding of section 2640, her insistence that the misunderstanding was as a result of Braun's misrepresentations, and that the trial court misapplied section 2640. These issues were all part of the dissolution proceedings, facts she was aware of in 2011.

Parafeinik claims she only became aware of the "fraud," that her real property rights to the Green Street house were being eliminated, during her investigation after

10

Ehrgott's death.  This claim is disingenuous.  The dissolution of marriage judgment was clear that Ehrgott was receiving the Green Street house as his sole and separate property, and Parafeinik does not dispute she was represented by counsel.  Further, she signed the Interspousal Transfer Deed on April 16, 2012, without objection.  Although Parafeinik claims she did not understand the judgment or that she signed away her interest in the Green Street house, this simply is not evidence of extrinsic fraud.  As a matter of law, the fraud she alleges occurred during the dissolution proceedings in 2011; however, she did not file her Request for Order until January 16, 2015.  As such, the Request for Order under section 2122 was untimely.

Moreover, even if we were to consider the Request for Order timely filed, Parafeinik could not raise the claims as they were claims that could have been raised in a direct appeal.  It is well established that "'compliance with the time for filing a notice of appeal is mandatory and jurisdictional.'"  (*Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 700.)  "Under California Rules of Court, rule 2(a),[4] a notice of appeal must be filed on or before the *earliest* of the following dates:  (a) 60 days after the date of mailing notice of entry of judgment; (b) 60 days after the date of service of notice of entry of judgment by any party upon the party filing the notice of appeal; or (c) 180 days after the date of entry of judgment."  (*King*, *supra*, 80 Cal.App.4th at p. 107, original fn. omitted.)

---

**4**  California Rules of Court, rule 2(a) was renumbered to 8.104(1) effective January 1, 2007.

11

Here, Parafeinik never filed a notice of appeal from the dissolution of marriage. The claims of fraud raised below in her Request for Order all relied on matters involving the dissolution of marriage proceedings. Parafeinik insisted that the court misapplied section 2640 because Braun misrepresented the import of section 2640. The dissolution of marriage judgment clearly stated that the Green Street house was being awarded to Ehrgott as his sole and separate property pursuant to section 2640. Parafeinik also admitted signing a Interspousal Transfer Deed on April 6, 2012. The claims made in the Request for Order all involved the interpretation of section 2640, claims that could and should have been raised on appeal.

Parafeinik cannot use a motion filed pursuant to section 2122 to revive these appellate issues. As found by the court in *King*, "Even if we construe appellant's motion as having been brought under Family Code sections 2121 and 2122, these Family Code provisions manifest no intention, express or implied, either to supersede the well-established rules governing the timing of a notice of appeal or to extend that time." (*King*, *supra*, 80 Cal.App.4th at p. 113.) "In other words, even if appellant's motion to set aside were filed pursuant to Family Code section 2122, that fact would have no effect on the jurisdictional time within which appellant would be required to file her notice of appeal from the underlying judgment of dissolution. That time period remains governed by the filing deadlines established by rules 2 and 3. Under those deadlines, appellant's purported appeal of the underlying dissolution order and judgment thereon is untimely." (*Ibid.*)

12

As the court found in denying Parafeinik's Request for Order, "The time for appeal or relief from judgment has long passed."

## DISPOSITION

We affirm the court's denial of Parafeinik's Request for Order. Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

CODRINGTON _____

J.