Filed 2/28/22  Marriage of Luu and Avritch CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of TESSA LUU and PETER AVRITCH | |
| TESSA LUU,<br><br>        Appellant,<br><br>    v.<br><br>PETER AVRITCH,<br><br>        Respondent. | A162792<br><br>(San Francisco City & County Super. Ct. No. FDI-17-787511) |

**MEMORANDUM OPINION**[1]

This is the second appeal we have considered in this matter.  The following facts are derived from our nonpublished opinion in the first appeal, *In re Marriage of Luu & Avritch* (Jun. 29, 2021, A161935) (*Luu I*):  Tessa Luu and Peter Avritch entered into a marital settlement agreement (MSA) in 2017.  As part of the parties' judgment of dissolution (judgment), Luu was awarded an online business run by the parties, which was operating on certain servers (the R510 and R410 servers) claimed by Avritch as his separate property.  On December 17, 2019, Avritch informed Luu he planned

---

[1] We conclude this matter is proper for disposition by memorandum opinion in accordance with the California Standards of Judicial Administration, section 8.1.

to reclaim the R510 and R410 servers for his own personal purposes. He advised Luu to either arrange for an alternative server setup or offered an option for her to purchase the servers. Avritch ultimately took control of the R510 and R410 servers in mid-January 2020. Luu filed two ex parte motions alleging Avritch breached the terms of the MSA, which caused the online business's websites to fail. While the trial court provided certain interim relief, the court ultimately rejected Luu's position. The trial court concluded, in relevant part, that Avritch substantially complied with all provisions of the judgment and the two servers at issue were Avritch's separate property. We affirmed the trial court's order, apart from an issue regarding sanctions against Luu. (*Luu I*, *supra*, A161935.)

On or around January 15, 2021, Luu filed another request for order (RFO), in which she asked the trial court to set aside the MSA due to constructive fraud, deceit, and misrepresentation.[2] Avritch opposed the RFO and requested it be dismissed.

The trial court denied Luu's RFO. The court concluded fraud must be plead with specificity, and Luu's allegations of fraud failed to do so with respect to Avritch's breach of his fiduciary duty and damage caused by that breach. Luu timely appealed.

"[I]f a judgment is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) Here, Avritch asserts in part

---

[2] The copy of the RFO submitted as part of the appellant's appendix is not file stamped, and the appellant's appendix does not contain the register of actions. Accordingly, we assume the RFO was filed on or about January 15, 2021, based on the date Luu provided on the RFO adjacent to her signature (Jan. 15, 2021) and the date identified in the court's tentative ruling on Luu's RFO (also Jan. 15, 2021).

that Luu's RFO is barred by the statute of limitations. He also raised this argument in the trial court. Because we conclude the RFO is untimely, as discussed below, we need not address whether Luu adequately plead a claim for fraud.

Family Code[3] section 2122 provides "the exclusive grounds and time limits for an action or motion to set aside a marital dissolution judgment." (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 684.) Section 2122, subdivision (a) provides a one-year statute of limitations for fraud "where the defrauded party was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the fraud." (See *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1146 [applying § 2122 to an action challenging a judgment in the marital dissolution proceeding on the grounds of fraud and perjury]; *In re Marriage of Georgiou & Leslie* (2013) 218 Cal.App.4th 561, 575 [applying § 2122 to action to set aside dissolution judgment and marital settlement agreement based on breach of fiduciary duty].)

In the current matter, Luu asserted Avritch concealed his ownership of the R510 and R410 servers as his separate property. She contends he committed fraud by failing to disclose the "gift" of those servers during the parties' dissolution proceedings, and contends the MSA was procured based on that fraud. While the RFO states she did not discover this fraud until January 16, 2020, the record demonstrates otherwise. On December 17, 2019, Avritch sent an e-mail to Luu stating, "As you're aware, some of the server equipment at Multacom belongs to me personally." He further stated

---

[3] All statutory references are to the Family Code.

3

he intended to repurpose these servers away from Luu's online business and for his own personal uses. Accordingly, Luu knew, or should have known, of Avritch's claims to the R510 and R410 servers as of December 17, 2019. However, Luu did not file the current RFO until January 15, 2021—approximately one year and one month after discovering his claim to these servers. Accordingly, Luu's RFO is barred by the one-year limitations period set forth in section 2122.

Luu also contends the trial court should have given her leave to amend her RFO. We decline to remand to allow such leave to amend because any amendment would be futile in light of the statute of limitations bar. (*Nelson v. Tucker Ellis LLP* (2020) 48 Cal.App.5th 827, 848 [" ' "[L]eave to amend should *not* be granted where . . . amendment would be futile." ' "].)

The trial court's order denying Luu's request for order is affirmed. Avritch may recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A162792
*In re Marriage of Luu & Avritch*