Filed 12/2/25  Reed v. Reed CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| KASEI REED,<br><br>    Petitioner and Respondent,<br><br>    v.<br><br>ALONZO BILL REED,<br><br>    Respondent and Appellant. | B344540<br><br>Los Angeles County<br>Super. Ct. No.<br>23CMFL00199 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kimberly Dotson, Commissioner.  Affirmed.

No appearance for Petitioner and Respondent.

Alonzo B. Reed, in pro per., for Respondent and Appellant.

_____

Alonzo Reed and Kasei Reed married in August 2014 and separated in March 2023, citing irreconcilable differences.  We refer to them by their first names.  Undesignated statutory citations refer to the Family Code.

In May 2023, Alonzo signed an FL-180 judgment form that Kasei had prepared.  Near the top of the form, Kasei checked the box stating the judgment was an uncontested or default dissolution of the Reeds' marriage.  The judgment awarded Kasei real property located at 724 W. Plum Street in Compton.  Notary public T. Donlow verified Alonzo personally appeared before him, signed the judgment, and acknowledged his understanding that signing the judgment was a free and voluntary act.

In July 2023, Alonzo signed an interspousal grant deed, which provided, in relevant part, that: "for a valuable consideration, receipt of which is hereby acknowledged, Grantor Alonzo B. Reed and Kasei C. Reed, Trustors and Trustees of the Reed Family Trust, dated November 7th, 2020 hereby grants to Kasei C. Reed, a married woman as her sole and separate property the real property . . . more commonly known as 724 W. Plum Street, Compton, CA 90222-3940."  Notary public Emmanuel Gonzalez verified that he had confirmed Alonzo's identity and that Alonzo signed the deed in his authorized capacity.

In November 2023, Alonzo signed the final Stipulated Judgment form, which stated Kasei would be awarded the 724 W. Plum St. property as "her sole and separate property."  The judgment included an acknowledgement by Alonzo that he had been advised by counsel or had the opportunity to seek independent counsel "in regards to the economic benefits conferred by this Stipulated Judgment as they may be better or worse than the economic benefits that would be conferred after such a full evidentiary hearing or trial."

One year later, Alonzo filed a motion to set aside the judgment under § 2120.  Section 2120 et seq. "authorizes a

2

dissolution judgment to be vacated . . . where the judgment was procured by fraud or perjury." (*Rubenstein v. Rubinstein* (2000) 81 Cal.App.4th 1131, 1152.)

As the moving party, Alonzo had the burden of proving his entitlement to relief. (*In re Marriage of Diamond* (2024) 106 Cal.App.5th 550, 566 (*Diamond*).) In support of his motion, Alonzo wrote: "I am asking the judge to set aside the divorce judgment. I recently became aware my former spouse might have defrauded me in the divorce because I was served with a 3-day notice."

In January 2025, Kasei filed her opposition to Alonzo's motion. Kasei included a sworn declaration in which she averred that the 724 W. Plum St. property had been owned by Alonzo's family for more than a decade before it was awarded to her in the divorce settlement, but as a courtesy, she allowed Alonzo to continue residing at the property as a paying tenant. After Alonzo stopped paying rent, Kasei served him with a 3-day notice to pay rent or quit. When Alonzo did not comply, Kasei filed an unlawful detainer case against him, which ultimately resolved in Kasei's favor.

A few weeks later, the family court held a hearing on Alonzo's motion. Alonzo and Kasei were present at the hearing, but there was no court reporter. Neither Alonzo nor Kasei had counsel. After hearing the parties' testimony and argument, the court denied Alonzo's motion.

Alonzo appealed, seeking reversal of the court's order. He claims he was "never informed of the legal [c]onsequences of signing the [I]nterspousal Transfer Grant Dee[d], nor was he compensated, advised, or questioned." Although he is once again representing himself, Alonzo must still follow the rules of

3

appellate procedure. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247 ["[A]s is the case with attorneys, pro. per. litigants must follow correct rules of procedure".)

Alonzo, however, failed to comply with the basic rules of appellate procedure. His opening brief lacks any citations to the record; instead, it is full of unsupported legal and factual assertions, much of which is contradicted by evidence in the record. For instance, Alonzo claims the family court denied his motion without holding a hearing or taking any testimony. The family court's January 27, 2025 minute order refutes this assertion, as it shows the court held a hearing, Alonzo and Kasei were sworn and testified, and the court heard argument on Alonzo's motion before denying it. Alonzo's failure to follow appellate procedure means he has forfeited any argument that the trial court abused its discretion in denying his motion. (See *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 621.)

Forfeiture aside, Alonzo cannot meet the burden he bears on appeal. Because he had the burden of proof in the family court, he can win this appeal only if he proves the evidence compels a finding in his favor as a matter of law. (*Diamond*, *supra*, 106 Cal.App.5th at p. 566.) The record here consists of the documents we summarized at the beginning of this opinion. There is no transcript of the hearing on Alonzo's motion. This evidence does not compel a judgment in Alonzo's favor. (See *Bookout v. State of Cal. ex. rel. Dept. of Transportation* (2010) 186 Cal.App.4th 1478, 1486 ["[U]nless the trial court makes specific findings of fact in favor of the losing [party], we presume the trial court found the [losing party's] evidence lacks sufficient weight and credibility to carry the burden of proof. [Citations.] We have

4

no power on appeal to judge the credibility of witnesses or to reweigh the evidence"].)

## DISPOSITION

We affirm the family court's order. We do not award costs because Kasei did not file a brief.

WILEY, Acting P. J.

We concur:

VIRAMONTES, J.

UZCATEGUI, J.[*]

_____

[*] Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5