Filed 5/28/26  Marriage of Valenzuela and Serrano CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA


In re the Marriage of JACQUELINE VALENZUELA and JOSE ANGEL SERRANO.

JACQUELINE VALENZUELA,

    Appellant,

    v.

JOSE ANGEL SERRANO,

    Respondent.

D086230

(Super. Ct. No. 23FL006669E)


APPEAL from a judgment of the Superior Court of San Diego County, Charles E. Bell, Jr., Judge.  Affirmed.

Joseph Charles La Costa for Appellant.

Jose Angel Serrano, in pro. per., for Respondent.

Jacqueline Valenzuela appeals from a marital dissolution judgment directing the sale of a residential property and awarding the proceeds to her ex-husband Jose Angel Serrano.  She contends the judgment should be reversed because Serrano allegedly committed perjury at trial.  We reject this contention because the record on appeal contains no evidence of the alleged

perjury, and Valenzuela never raised this claim or moved to set aside the judgment in the family court. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Valenzuela and Serrano were married in January 2021 and separated less than two months later. In June 2023, Valenzuela filed a petition for dissolution of the marriage.

The parties contested the disposition of a residential property in El Cajon. The family court conducted a trial to resolve this issue on November 15, 2024. The record on appeal does not include a reporter's transcript or agreed or settled statement of the trial.

On December 2, 2024, the court held a hearing to render its decision after trial. The court ordered the El Cajon property sold with the proceeds going solely to Serrano. The court directed Valenzuela's counsel to prepare the judgment.

No judgment was entered for over four months. In March 2025, before entry of judgment, Serrano requested sanctions against Valenzuela for failure to cooperate in the sale of the property. Valenzuela's counsel responded with a declaration stating that Serrano had not contacted him and that he was willing to cooperate with Serrano's efforts to sell the property. His declaration did not mention anything about Serrano committing perjury during the trial. The record does not reflect the court's ruling on the sanctions request.

On April 17, 2025, the court entered judgment directing sale of the property and awarding the proceeds to Serrano according to the terms of its prior ruling of December 2, 2024. Valenzuela filed this appeal from the judgment. She never filed a motion to set aside the judgment in the trial court.

2

DISCUSSION

For the first time on appeal, Valenzuela contends that the judgment must be set aside under Family Code section 2122 because Serrano allegedly admitted that he committed perjury at the trial.  She contends that Serrano made this admission in a letter he sent her "days after the trial."  This contention fails for two reasons.

First, the record on appeal does not include either Serrano's allegedly perjurious testimony or the letter in which he allegedly admitted committing perjury.  There is no reporter's transcript or other proper record of Serrano's testimony at the trial on November 15, 2024.  As for the letter, Valenzuela's opening brief refers to "EXHIBIT 1" and "EXHIBIT 2" and "EXHIBIT A" as proof of the alleged perjury, but there is no such exhibit in the appellate record.  The letter is not included anywhere in the clerk's transcript and Valenzuela admits it was not presented to the trial court.  Even if appellate courts made factual findings in the first instance, we could not make a finding of perjury without a proper record of either the allegedly perjurious testimony or the alleged proof of perjury.

" 'It is the duty of an appellant to provide an adequate record to the court establishing error.  Failure to provide an adequate record on an issue requires that the issue be resolved against appellant.' " (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)  "By failing to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him." (*Ibid.*)

Valenzuela suggests that we may consider her claim of perjury by taking judicial notice (Evid. Code, § 459) or taking new evidence on appeal (Code Civ. Proc., § 909).  But she has not filed any such motion.  "To obtain judicial notice by a reviewing court under Evidence Code section 459, a party

3

must serve and file a separate motion with a proposed order." (Cal. Rules of Court, rule 8.252(a).) The same is true of a request to make findings or take evidence on appeal. (*Id.*, subds. (b), (c).) In any event, Serrano's letter would not be subject to judicial notice under any of the provisions of Evidence Code section 452. Moreover, appellate courts exercise their authority to take new evidence only in exceptional circumstances, and even then, only "where to do so will result in the litigation's termination, either by affirming the judgment or reversing and directing judgment be entered in favor of the appellant." (*Bombardier Recreational Products, Inc. v. Dow Chemical Canada ULC* (2013) 216 Cal.App.4th 591, 605 (*Bombardier*).) Here, Valenzuela is asking us to reverse the judgment and remand for a new trial based on her claim of perjury. Thus, "making the requested findings would not end this litigation." (*Ibid.*)

Second, Valenzuela did not raise her claim of perjury in the family court and never filed a motion to set aside the judgment under Family Code section 2122. As noted, Valenzuela contends that Serrano's admission of perjury came in a letter he sent to her "days after the trial." The trial occurred on November 15, 2024 and the judgment was not entered until April 17, 2025. Valenzuela had five months to bring the matter to the family court's attention before judgment was entered. She failed to do so. Moreover, she never filed a motion to set aside the judgment based on perjury as authorized by Family Code section 2120, et seq. (See *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1147 [" 'Family Code section 2120 et seq. provides a comprehensive statutory scheme for setting aside such judgments on grounds of actual fraud, perjury, duress, mental incapacity, or mistake' "]; see Fam. Code, § 2122 [specifying grounds and time limits for

4

setting aside a family court judgment and listing perjury as one of the authorized grounds].)

"Generally, issues not raised in the trial court cannot be raised for the first time on appeal." (*Wisner v. Dignity Health* (2022) 85 Cal.App.5th 35, 44.) "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) It is "premised upon the idea that a party should not sit on his or her hands, but instead must speak up and provide the court with an opportunity to address the alleged error at a time when it might be fixed." (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 266.)

Although we have discretion to consider a pure issue of law for the first time on appeal, Valenzuela's claim of perjury plainly involves disputed facts. Serrano vigorously contests Valenzuela's accusation and asserts that she has taken a single sentence of his letter out of context. "We will not overrule the trial court's factfinding responsibility and authority and reinstate litigation where it was [the appellant] who failed to bring the facts to the trial court's attention in the first instance." (*Bombardier, supra*, 216 Cal.App.4th at p. 605.)

## DISPOSITION

The judgment is affirmed. Serrano may recover his costs on appeal.

BUCHANAN, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

5